**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHALLAH LAMICK PARHAM,

Defendant – Appellant.

**No. 24-4205**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHALLAH LAMICK PARHAM,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:19-cr-00205-LCB-1; 1:22-cr-00275-LCB-1)

Submitted:  March 11, 2025                          Decided:  March 13, 2025

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashallah Lamick Parham pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Parham to 46 months' imprisonment. In the same proceeding, the district court also revoked Parham's supervised release term for a prior conviction and imposed a consecutive 24-month revocation sentence. In these consolidated appeals, Parham's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) 18 U.S.C. § 922(g)(1) is facially unconstitutional under the Second Amendment; (2) Parham's total sentence is unreasonable because the district court failed to account for his untreated bipolar disorder and the fact that Parham committed many of his prior offenses at a young age; and (3) Parham received ineffective assistance of counsel because his attorney failed to raise Parham's mental health issues at sentencing as mitigating factors. Parham was notified of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

We turn first to Parham's § 922(g)(1) facial challenge. Because Parham did not preserve his constitutional challenge, we review his claim for plain error. *See, e.g.*, *United States v. Hunt*, 123 F.4th 697, 701 (4th Cir. 2024) (citing *United States v. Olano*, 507 U.S. 725, 733-34 (1993)). Parham argues that his conduct is protected by the Second Amendment and that this court's prior decisions finding § 922(g)(1) facially constitutional were abrogated by the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). However, in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), we reaffirmed

3

our holding that § 922(g)(1) is facially constitutional and determined that this conclusion is fully consistent with *Rahimi*. *Id.* at 160-62. Parham's facial challenge is thus squarely foreclosed by binding circuit precedent.

We turn next to Parham's reasonableness challenge. Parham argues that his total sentence, the combination of his 46-month criminal sentence and 24-month revocation sentence, is unreasonable because, although he was 30 years old when he committed the instant offense, the district court failed to account for the fact that a significant portion of his criminal history comes from offenses he committed before his frontal lobe had fully developed. Parham contends that this error was compounded by the fact that the district court also failed to consider his untreated bipolar disorder.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Furthermore,

4

"[a] district court has broad discretion when imposing a sentence upon revocation of supervised release.  [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  A revocation sentence that falls within the recommended policy statement range "is presumed reasonable." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).

We have reviewed the record and conclude that Parham's criminal and revocation sentences are procedurally and substantively reasonable.  The district court allowed the parties to present arguments, gave Parham the opportunity to allocute, considered the appropriate § 3553(a) sentencing factors, and explained the selected sentences.  Notably, the court explicitly acknowledged that Parham's criminal history began when he was 17 and that he had clearly matured, but the court ultimately found that Parham's significant and violent criminal history as well as how quickly he reoffended outweighed the mitigating factors.  While the court did not expressly mention Parham's bipolar disorder, it clearly addressed the central thesis of Parham's mitigation arguments.  Moreover, the court incorporated Parham's mental health concerns in directing Parham to participate in a mental health treatment program as a condition of supervised release.  Last, because Parham has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines and within-policy-statement range sentences.  *See Louthian*, 756 F.3d at 306; *Gibbs*, 897 F.3d at 204.

5

Finally, we address Parham's claim that counsel was ineffective at sentencing for not raising Parham's mental health issues as mitigating factors. On direct appeal, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Parham's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in these consolidated cases and have found no meritorious grounds for appeal. We therefore affirm the district court's criminal and revocation judgments. This court requires that counsel inform Parham, in writing, of the right to petition the Supreme Court of the United States for further review. If Parham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6